**Leland Ray SMITH, II,
Plaintiff-Appellant,**

v.

**The STATE of Colorado DEPARTMENT
OF REVENUE, MOTOR VEHICLE
DIVISION, Defendant-Appellee.**

**No. 80CA0309.**

Colorado Court of Appeals,
Division I.

Oct. 9, 1980.

Rehearing Denied Oct. 30, 1980.

Certiorari Granted Feb. 9, 1981.

Kourlis & Thornberry, Rebecca Love Kourlis, Craig, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Terre Lee Rushton, Asst. Atty. Gen., Denver, for defendant-appellee.

VAN CISE, Judge.

Plaintiff appeals the judgment of the district court affirming the Department of Motor Vehicle's decision to extend the suspension of plaintiff's driver's license. We reverse.

On June 2, 1977, plaintiff's license was suspended by the Department, effective until December 7, 1977, based on an accumulation of excessive points pursuant to § 42–2–123, C.R.S.1973. In December 1978, plaintiff was issued a ticket for a violation of § 42–3–122(1)(a), C.R.S.1973, in that valid registration plates were not displayed on a trailer his vehicle was pulling. In February 1979, he pled guilty to this violation, and paid a fine of ten dollars and eight dollars costs. This violation was not one which carried any points, nor was it a ground for suspension of a driver's license. *See* § 42–2–122 and § 42–2–123, C.R.S.1973.

It then came to the attention of the Department that plaintiff had not complied with § 42–2–124, C.R.S.1973, which provided, in pertinent part:

"(1) The department shall not suspend a driver's license or privilege to drive a motor vehicle on the public highways for a period of more than one year, except as permitted under sections 42–2–122 and 42–2–130 and except for noncompliance with the provisions of subsection (3) of this section or section 42–7–406, or both.

.   .   .   .   .

"(3) Any person whose license or other privilege to operate a motor vehicle in this state has been suspended, cancelled, or revoked, pursuant to either this article or article 4 or 7 of this title, shall pay a restoration fee of twenty dollars to the executive director of the department prior to the issuance to such person of a new license or the restoration of such license or privilege."

Plaintiff had not paid the restoration fee called for in the statute. In March 1979, his license suspension was extended until February 1980, this being one year from the

date of his conviction of a traffic violation "while he was under suspension."

At a hearing before the Department on that suspension extension, the evidence indicated that plaintiff had moved to Nebraska and had obtained a Nebraska driver's license late in 1977. He did not apply for restoration of his Colorado license because he had no further need for it. The Department sustained the extended suspension, and, on appeal, the district court affirmed.

In *Zucchini v. Colorado Department of Revenue*, Colo.App., 620 P.2d 247 (1980), this court held that "the period of suspension automatically terminates at the end of the period designated [here December 7, 1977], notwithstanding that the driver will not be reissued a license until a restoration fee has been paid and evidence of insurance has been submitted to the state director." Therefore, plaintiff was not convicted of a traffic violation "while he was under suspension," and the order of the Department must be reversed.

The judgment is reversed, and the cause is remanded to the district court with directions to issue an appropriate order to the Department of Revenue to vacate its order continuing the suspension of plaintiff's license.

JUDGMENT REVERSED AND CAUSE REMANDED WITH DIRECTIONS.

COYTE and RULAND, JJ., concur.